THE PEOPLE v. PENNOCK *et al.*, appellants.

*Official bond — when surety liable.*

The official bond of a supervisor was conditioned to well and truly keep and pay over and account for all moneys belonging to his town and coming into his hands as supervisor. The board of supervisors of the county levied a tax for the temporary relief of the poor of the town, and also one for the improvement of roads and bridges. The tax warrant directed the collector to pay over the moneys collected to the supervisor, which he did. The supervisor failed to account for such moneys. The act under which the first-named tax was raised directs the moneys to be paid to the overseers of the town (Laws 1845, ch. 334, § 7), and the statute directs the town collector to pay the amount raised for highways and bridges to the commissioners of highways. 1 R. S. 396.

*Held,* that as the warrant directed the moneys to be paid to the supervisor, they came to him as such official, and his surety was liable for their conversion.

APPEAL from a judgment in favor of plaintiff, in an action tried before a referee. The facts appears in the opinion.

*Charles Mason,* for plaintiffs.

*Wm. E. Lansing,* for defendants.

PARKER, J. Action on the official bond of defendant Walrath, as supervisor of the town of Sullivan, in the county of Madison. This county had adopted the provisions of the act in relation to the temporary relief of the poor in the county of Livingston, being chapter 334 of the Laws of 1845.

A tax was levied in that town, pursuant to a proper estimate, for the temporary relief of the poor of the town, also a tax for the improvement of roads and bridges in the town, by the board of supervisors of the county, who issued a warrant for the collection thereof to the town collector, in which he was directed to pay over such moneys, when collected, to the supervisor of the town. These moneys were paid over by the collector to the supervisor, Marcus C. Walrath, for which he failed to account. It is to collect these moneys that the suit is brought upon the supervisor's official bond.

The cause was referred, and resulted in a recovery by the plaintiffs.

Defendant Pennock, one of the sureties, appeals.

It is urged by appellant that, as the statute directs the board of supervisors to "cause the said sum [poor moneys] to be levied and collected in the town where the same was estimated to be necessary as aforesaid, * * * and to be paid to the overseers of the poor of such town" (Laws of 1845, ch. 334, § 7); and as, in regard to the highway money, the statute requires the warrant to direct the town collector to pay to the commissioners of highways of the town such sum as shall have been raised for the support of highways and bridges therein (1 R. S., 1st ed., 396), the receipt of these moneys in this case by the supervisor, from the collector, was extra-official — that they did not come into his hands as supervisor.

Although the law provides for the disbursement of these moneys by the overseers of the poor and the commissioners of highways, respectively, yet as the warrant directed the collector to pay them over to the supervisor, and he did so, I think they came to him as supervisor. It was in that capacity that he was intrusted with the money, it being his duty to deliver it to the overseers and commissioners, by whom it was to be disbursed, for the purposes for which it was raised. It was the money of the town, of which he was supervisor, and when moneys of the town came to him as supervisor, or because he was supervisor, whether he was the proper officer to disburse them or not, I cannot doubt that he was bound as such supervisor to account for them to the town. The language of the obligation is, " and will well and truly keep, and pay over, and account for, all moneys belonging to his town, and coming into his hands as supervisor, then this obligation to be void — otherwise to remain in full force and virtue."

I think the judgment right, and that it should be affirmed, with costs.

MILLER, P. J., and P. POTTER, J., concurred.

*Judgment affirmed.*